■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THELMA LOHAUS, Appellant, v. ADAM LOHAUS, Respondent.— In a habeas corpus proceeding between parents to determine the custody of their eight-year-old son, the mother (the petitioner) appeals from an order of the Supreme Court, Westchester County, dated June 22, 1960, made after a hearing, which dismissed her writ of habeas corpus and directed that custody of the son be continued in the father "for the time being," subject to stated rights of visitation by the mother. Order reversed on the law and the facts and in the exercise of discretion, without costs, writ sustained, and custody awarded to the mother, subject to rights of visitation by the father on Tuesday and Thursday of each week from 3:30 P.M. to 8:00 P.M.; on alternate Saturdays from 9:00 A.M. to 8:00 P.M.; on alternate Sundays from 9:00 A.M. to 8:00 P.M.; for two weeks during July or August, at a time, selected by the father, when the mother is not on vacation; for the second half of the school Christmas vacation; and at such other times as may be agreed upon between the parents. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the interests of the child will be best served by an award of custody to the mother, with liberal visitation rights to the father (cf. *People ex rel. Pritchett* v. *Pritchett,* 1 A D 2d 1009, affd. 2 N Y 2d 947, 949). There is nothing in this record to indicate that the mother has not been a good mother, or that she cannot furnish a normal, decent home for the child. The father, though apparently a decent, industrious man, has a temperament and characteristics which, in our opinion, unsuit him for full-time custody and care of this young child. Nor, on this record, are we prepared to say that the mother lacked justification for her removal from the family home. In any event, the child's tender age, coupled with the other factors here present, require an award of custody to the mother (cf. *People ex rel. Pritchett* v. *Pritchett, supra*). While we believe that the father is unsuited for full-time custody, we believe that he is suited for and entitled to liberal visitation rights. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ CECELIA C. ORLANDO et al., Respondents, v. FRANK A. CATANZARITI, Appellant.— In an action in the nature of "strict foreclosure" under subdivision 2 of section 1082 of the Civil Practice Act, defendant appeals from a final judgment of the Supreme Court, Orange County, dated February 23, 1960, and entered April 18, 1960, after a nonjury trial, in favor of plaintiffs. Defendant also brings up for review the interlocutory judgment of said court, dated and entered November 7, 1959, in favor of plaintiffs. Judgments affirmed, with one bill of costs. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ ROBERT SNOWDEN, Plaintiff, and MADELINE SNOWDEN, Respondent, v. RAYMOND D. BERNSTEIN, Appellant.— In a negligence action to recover for personal injuries, medical expenses and loss of services, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated July 5, 1960, made after a jury trial, as set aside the jury's verdict in his favor against the plaintiff Madeline Snowden, directed a new trial between said plaintiff and defendant and, as to them, restored the action to the calendar for trial. Order insofar as appealed from, affirmed, with costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.